UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


DENNIS PAUL NEAL          ]
    Plaintiff,           ]
                          ]
v.                        ]   No. 3:12-0905
                          ]   Judge Campbell
R. BARRY GEARON, JR.      ]
    Defendant.           ]


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against R. Barry Gearon, Jr., a Nashville attorney, seeking damages.

The defendant was appointed to represent the plaintiff in a criminal matter. The plaintiff is unhappy with the defendant's representation and claims that he remains incarcerated due to the defendant's "negligence, incompetence and unethical practice".

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of a right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

It is well settled that attorneys, even those appointed by the courts, do not act "under color of state law" within the meaning of

§ 1983 when representing a client. Polk County v. Dodson, 454 U.S. 312 (1981); Mulligan v. Schlachter, 389 F.2d 231, 233 (6th Cir.1968). Thus, plaintiff's claim that his attorney has been ineffective is not actionable under § 1983.

When a prisoner plaintiff proceeding as a pauper, as is the case here, has failed to state a claim upon which relief can be granted, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge